IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| PADRES UNIDOS DE TULSA, *et al.*, | ) |
| | ) |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) No. 25-6080 |
| | ) |
| GENTNER DRUMMOND, *et al.*, | ) |
| | ) |
| Defendants-Appellants. | ) |

**RESPONSE IN OPPOSITION TO**
**MOTION TO POSTPONE ORAL ARGUMENT**

Defendants-Appellants respectfully oppose Plaintiffs-Appellees' motion to postpone oral argument. Under Tenth Circuit Rule 34.1(A)(3), postponements are granted "[o]nly in extraordinary circumstances." Plaintiffs have not demonstrated such circumstances here.

**I.  Plaintiffs' scheduling conflict does not constitute extraordinary circumstances.**

Plaintiffs' motion rests on their counsel's voluntary acceptance of a conflicting argument in another case. But as the Second Circuit has explained, courts "strive to maintain the pace for which [the Court] is highly regarded, not to value speed for its own sake, but in the firm conviction that once backlogs are permitted to develop, they tend to increase, with consequent impairment of the overall functioning of the court system." *United States v. Delia*, 925 F.2d 574, 575 (2d Cir. 1991). Accordingly, "requests

for postponements are scrutinized under rigorous standards and granted only under the most compelling circumstances." *Id.*

Critically, "[i]f counsel's other commitments preclude the expeditious handling of responsibilities for an appeal in this Court, then counsel will have to reconsider undertaking responsibility for the appeal. The right to counsel of one's choice does not include a lawyer whose other commitments preclude compliance with a court's reasonable scheduling of its cases." *Id.* at 575–76 (citations omitted). This principle applies with full force here. Plaintiffs are represented by a large team of experienced attorneys from multiple organizations, including the American Civil Liberties Union. If counsel's other commitments prevent her from preparing for and arguing this appeal, Plaintiffs have ample resources to designate a different counsel for argument.

## II. The State continues to suffer prejudice from the injunction.

While Plaintiffs seek delay for counsel's convenience, the State remains enjoined from enforcing HB 4156—a law enacted to address the "crisis of unauthorized entry and presence" that "is endangering Oklahomans, devastating rural, urban, and suburban communities and is severely straining even the most diligent and well-resourced state and local government entities." HB 4156, § 1(B); Opening Br. at 6. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) (internal citations omitted). Every additional day the injunction remains in place compounds the harm to the State and its citizens.

2

**III.     The State has demonstrated its commitment to the current schedule.**

Unlike Plaintiffs, the State has prioritized this appeal. The undersigned counsel is leaving a family vacation to argue this case as scheduled. Oklahoma's Solicitor General Unit also has a conflicting argument scheduled in this Court the day after the scheduled argument, on March 17, 2026, *see Black Emergency Response Team v. Drummond*, Nos. 24-6139, 24-6140, 24-6141 (10th Cir.), but is managing that conflict by assigning a different attorney to argue that matter rather than seeking to delay this critical appeal. Postponing this case would unnecessarily delay resolution by at least two months. Counsel's scheduling preferences do not constitute the "extraordinary circumstances" required under Rule 34.1(A)(3).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to postpone oral argument.

Respectfully submitted,

s/ *Garry M. Gaskins, II*

> GARRY M. GASKINS, II
>   *Solicitor General*
> ZACH WEST
>   *Director of Special Litigation*
> CULLEN D. SWEENEY
>   *Assistant Solicitor General*
>
> OFFICE OF ATTORNEY GENERAL
> STATE OF OKLAHOMA
> 313 N.E. 21st Street
> Oklahoma City, OK 73105
> Phone: (405) 521-3921
> Garry.Gaskins@oag.ok.gov
> Zach.West@oag.ok.gov
> Cullen.Sweeney@oag.ok.gov
>
> *Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Docket Activity to the registered participants of the ECF system.

 s/ *Garry M. Gaskins, II*