

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA

April 30, 2026

*Via CM/ECF*

Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

      Re:   *Padres Unidos de Tulsa et al. v. Drummond et al.*
              Case No. 25-6080

Dear Mr. Wolpert:

     I write to alert the panel to a recent ruling relevant to the case at hand. Last Friday, the Fifth Circuit, sitting *en banc*, vacated an injunction against a Texas law similar to Oklahoma's here. *See United States v. Texas*, No. 24-50149, 2026 WL 1122127 (5th Cir. Apr. 24, 2026). Specifically, Texas codified "two state offenses that track federal immigration crimes prohibiting unlawful entry and reentry" in "response to widespread illegal, disruptive immigration into the State." *Id.* at *1–2.

     As in this case, the Fifth Circuit case concerns whether a state, "exercising its historic, sovereign police powers, can legislatively protect its citizens from a surge of illegal aliens in response to an unprecedented border crisis and a declared invasion." *Id.* at *1. Vacating the district court's preliminary injunction, the court held that the plaintiffs lacked standing to challenge the state law. *Id.* The *Texas* litigation was primarily led by two advocacy groups. The Fifth Circuit held those groups lacked standing. Federal "courts should rightly exercise caution" and refrain from "confer[ring] Article III standing any time an advocacy group … challenges a law it passionately dislikes." *Id.* at *6. This principle should apply with even greater force here, where the organizations challenging Oklahoma's law are composed of members openly violating federal law.

     Although the *en banc* majority grounded its decision solely on standing, Judge Oldham, joined by six of his colleagues, articulated at length why Plaintiffs' conflict preemption arguments must also fail on the merits. Assessing the facial challenge, Judge Oldham concluded that "application of [Texas's law] … actively *facilitates* federal law"—and also that the "Supreme Court's decision in *Arizona* is not


recycled paper

Christopher M. Wolpert, Clerk of Court
April 30, 2026
Page 2

to the contrary." *Id.* at *12, 14. "[S]uch constitutional applications … doom plaintiffs' facial pre-enforcement challenge—even assuming the plaintiffs have standing, which they plainly do not, and even assuming away the other justiciability problems, which we plainly cannot." *Id.* at *16.

In short, the *en banc* Fifth Circuit's decision and concurrences provide further reason for this Court to vacate the injunction.

Sincerely,

Garry M. Gaskins, II
*Solicitor General*

Appellate Case: 25-6080    Document: 96    Date Filed: 04/30/2026    Page: 2